SUMMARY ORDER

Uganda Nash (pro se) and Jason Fox-worth appeal from judgments of conviction entered February 1, 2007 and February *98 16, 2007, respectively (both amended thereafter), after conviction by a jury of one count of conspiring to defraud financial institutions in violation of 18 U.S.C. § 1349, and one count of defrauding and attempting to defraud financial institutions in violation of 18 U.S.C. §§ 1344 and 2. Nash was sentenced principally to 155 months’ imprisonment, Foxworth to 70 months’ imprisonment. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
Nash and Foxworth challenge the district court’s application of a two-level enhancement for “10 or more victims” under U.S.S.G. § 2B1.1(b)(2)(A). The government concedes that remand is appropriate for further record development on this issue. We agree, and remand for resentencing and direct the district court to consider whether the “10 or more victims” enhancement should apply to Nash and Foxworth.
 Foxworth objects to an enhancement for a loss amount in excess of $1 million. In general, we review a district court’s interpretation of the sentencing guidelines de novo, “but we review the court’s findings of fact supporting its conclusion only for clear error.” United States v. Hertular, 562 F.3d 433, 449 (2d Cir.2009).
“Intended loss” is “the pecuniary harm that was intended to result from the offense.” U.S.S.G. § 2B1.1 cmt. n. 3(A)(ii). “[A] district court enjoys considerable discretion in calculating the loss applicable to a particular fraud,” United States v. Canova, 412 F.3d 331, 355 (2d Cir.2005), and need not determine the amount of loss with precision; instead, the district court “need only make a reasonable estimate of the loss,” U.S.S.G. § 2B1.1, cmt. n. 3(c). In cases involving fraud, a “district court may presume that the defendant intended the victims to lose the entire face value of the [fraudulent] instrument, but the defendant may rebut the presumption by producing evidence to demonstrate that he actually intended to cause a lesser loss.” United States v. Confredo, 528 F.3d 143, 152 (2d Cir.2008) (quotations omitted).
Foxworth argues that the intended loss amount attributable to him should be calculated on the basis only of those transactions with which he was personally involved, or those transactions executed during his limited involvement in the conspiracy. We conclude, however, that the district court did not err in finding that Foxworth played a larger role in the conspiracy than he claimed, and that he intended- a loss in excess of $1 million. Foxworth received and deposited several fraudulent checks, recruited accomplices in at least three states, accompanied co-conspirators and participants on illegal “shopping trips,” sought and took possession of the computers used to create fraudulent checks, discussed with co-conspirators the conduct of the business, threatened the life of one co-conspirator in order to protect the scheme, and made overtures indicating his attempt to take over the operation himself, including an unwitting attempt to expand the scheme to a bank previously identified by others as an impregnable target. Under those circumstances, it was not clearly erroneous for the district court to find that Foxworth joined the entire scope of the conspiracy. Furthermore, nearly 500 fraudulent blank checks were seized during the course of the investigation. If each check was written for $4,700 (the approximate average value of the checks used in the scheme), the loss resulting from the conspiracy would have been well over $2 million. One million dollars was therefore a reasonable estimate of the loss intended by Foxworth, and the district judge did not err in finding that *99 such amount was foreseeable to him. The district judge did not err by applying the enhancement for a loss amount in excess of $1 million.
In pro se filings, Nash challenges the denial of his Rule 33 motion for a new trial, alleging: (1) a Brady violation; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel at sentencing.
Rule 33 permits a court, upon defendant’s motion, to vacate a judgment and order a new trial “if the interest of justice so requires.” Fed.R.Crim.P. 33(a). However, “the standard for granting such a motion is strict,” United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995), and the “ ‘ultimate test’ is ‘whether letting a guilty verdict stand would be a manifest injustice .... There must be a real concern that an innocent person may have been convicted.’ ” United States v. Canova, 412 F.3d 331, 349 (2d Cir.2005) (quoting United States v. Ferguson, 246 F.3d 129, 133 (2d Cir.2001)). We review a denial of a Rule 33 motion for abuse of discretion, United States v. Rivas, 377 F.3d 195, 199 (2d Cir.2004), and factual findings concerning the motion for clear error, United States v. Imran, 964 F.2d 1313, 1318 (2d Cir.1992).
Nash argues (inter alia) that the district court ruled on the motion without explanation, but Nash has not suggested, let alone demonstrated, any reasoned basis on which the Rule 33 motion should have been granted.
Brady Violation. To prevail on his argument under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Nash must demonstrate (inter alia) a reasonable probability that the outcome would have been different but for the suppression of Brady material. Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Nash cannot make such a demonstration because the government presented overwhelming evidence of Nash’s guilt, including the testimony of a co-conspirator, the testimony of a participant recruited by him, and the introduction of nine bank cards and three cash receipts which were seized from Nash’s residence and used in the scheme.
Prosecutorial Misconduct. Nash argues that the government knowingly adduced perjured testimony. As an example, Nash cites the testimony of an accomplice whom he recruited, claiming she lied under oath about the nature of the scheme and his involvement in it.
In assessing a Rule 33 motion based on allegations of prosecutorial misconduct and perjured testimony, “the defendant must show that (i) the witness actually committed perjury ...; (ii) the alleged perjury was material ...; (iii) the government knew or should have known of the perjury at [the] time of trial ...; and (iv) the perjured testimony remained undisclosed during trial ...” United States v. Josephberg, 562 F.3d 478, 494 (2d Cir.2009) (quotations omitted).
Nash’s prosecutorial misconduct claims are wholly unsubstantiated and implausible, and he fails to explain them basis. Such unsupported conclusory allegations do not warrant a new trial. As to the allegations of perjury, the testimony of the government witnesses was neither “patently incredible” nor did it “def[y] physical realities.” United States v. McCourty, 562 F.3d 458, 476 (2d Cir.2009) (quotations omitted). Under those circumstances, the challenge involves a credibility assessment which is strictly within the province of the jury. Id. Furthermore, even if he could demonstrate perjury, Nash cannot show that the “jury probably would have acquitted in the absence of the false testimony,” given the overwhelming physical evidence of guilt. Id. (quotations omitted). The district judge did not abuse his discretion *100 in denying the request for a new trial on this ground.
Ineffective Assistance. Nash raises an ineffective assistance claim on direct appeal, but the Supreme Court prefers that such claims be raised in the first instance on habeas motions at the district court. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (“[I]n most cases a [habeas] motion ... is preferable to direct appeal for deciding claims of ineffective assistance.”). Accordingly, we decline to order a new trial on that ground.
We have considered Appellants’ remaining arguments and find them to be without merit. For the reasons set forth above, the case is REMANDED with instructions to vacate the sentence and resentence the defendants after further consideration of whether the scheme involved “10 or more victims” under U.S.S.G. § 2B1.1(b)(2)(A).